23093. GEORGIA POWER & LIGHT COMPANY *v.* BAXTER.

DECIDED OCTOBER 14, 1933.

*R. L. Cox, A. B. Conger,* for plaintiff in error.
*H. G. Rawls, J. T. Goree, E. C. Smith Jr.,* contra.

SUTTON, J. Leroy Baxter brought suit for damages against the Georgia Power & Light Company because of the death of his

wife, growing out of the alleged negligence of the defendant in supplying, for the use of the people of Donalsonville, water contaminated and polluted by certain bacteria or germs known to medical science as typhoid bacilli, in quantities and amounts sufficient to produce typhoid fever, which she contracted as a direct result of drinking such water. Plaintiff alleged that the water supply of the city became foul, polluted, and contaminated with said germs on a day subsequent to the time his wife became sick with typhoid fever, which was July 28, 1931, by, through, and on account of the negligence of the defendant in improperly maintaining its water-distributing system. He further alleged that he and his wife were, for some time before her death on September 10, 1931, boarding in a house in said city which was supplied with water by the defendant; that by a diagnosis on August 11, 1931, it was definitely ascertained that his wife was suffering from typhoid fever which she contracted shortly before that date; and that the direct and proximate result of her illness and resultant death was the taking into her system, through the consumption of said foul, polluted, and contaminated water, furnished by the defendant, the typhoid germs which produced the disease. Plaintiff alleged that the defendant was negligent in allowing pipes on or near the surface of the streets of the city to burst, without properly and promptly repairing them, thus allowing the water flowing through them to become contaminated with the typhoid bacilli; in improperly laying and maintaining its pipes close to the sewerage system of the city, causing seepage therein; in maintaining as a part of the system an open cistern in which the drinking water is pumped and stored for use, and in allowing the same to crack and failing to repair it, thus permitting surface water and pollution to seep and flow into the cistern; in allowing the chlorinating machine to get out of repair for some time; and in maintaining the water plant with knowledge of the dangers incident thereto and with utter disregard for the safety and welfare of the users of the water. Plaintiff further set up that the defendant, by the exercise of ordinary care, could have discovered that the cistern had cracked, allowing water to pond and accumulate in hog-wallows around the same, that the defendant, through its employees, should have discovered that the water in the cistern had become low, which allowed seepage from the hog-

wallow immediately adjacent thereto to get into the cistern, thereby contaminating the water, and that the defendant negligently failed to repair the chlorinating machine and the burst pipes and allowed them to remain in such condition for a long time. The defendant denied the material allegations of the petition. The case came on for trial, and the jury returned a verdict in favor of the plaintiff for $10,000. The defendant moved for a new trial, the motion was overruled, and to this judgment it excepted.

The defendant contends that the verdict was not authorized by the evidence. It is our opinion that the plaintiff failed to prove his case as laid. The evidence did not show that the water furnished by the defendant, which the plaintiff's wife drank, ever contained any typhoid germs. Twelve or fifteen other persons lived at the boarding house where the plaintiff and his wife lived, and she was the only one that contracted typhoid fever. There was no evidence that authorized the jury to find that the water in the reservoir or cistern had become contaminated and polluted with typhoid germs. It was incumbent on the plaintiff to prove his case, either by direct or by circumstantial evidence; and, from a careful review of the evidence in the case, we do not think that he has done this. While the evidence shows that the plaintiff's wife had typhoid fever, and that she died shortly after an abortion was produced upon her, which the attending physician testified contributed to her death, still it in no way shows that the water which she drank was polluted with these germs or that she contracted typhoid fever from drinking water furnished by the defendant company. The entire evidence leaves the cause of the fever a mere supposition. From the evidence it appeared that typhoid fever is caused by a germ-typhoid bacillus, which may be communicated to the human system through drinking water or milk or eating contaminated food, or by flies lighting on fecal matter and then coming in contact with food, milk, or water; and it also appeared that the source could rarely, if ever, be determined. The evidence shows that there were a number of surface toilets in the city, which are fertile sources for typhoid germs; and it shows also that the sewerage system at the boarding house had given way at the joints where it was put together with cement instead of lead, and that this had allowed the sewage to leak and seep out and cause wet places under the boarding house. Whether

the infection of the plaintiff's wife came from drinking contaminated water or from other existing sources is, under the evidence in this case, a matter of speculation and conjecture. The law does not permit one to recover because of the difficulty of determining to which class a given case belongs, nor does it permit a jury to determine by mere speculation to which class a given case is to be assigned, where the facts proved do not afford a basis for reasonable inference one way or the other. While there was evidence of a crack in the reservoir or cistern and that water seeped out at this place, causing a puddle to form where hogs wallowed, there was no evidence that any of this filthy water seeped into the cistern. One witness for the plaintiff testified that the water in the cistern would rise and fall, and that after he had seen hogs wallowing in this puddle, he saw the water in the cistern below the level of the ground. He did not testify that he saw this condition before the plaintiff's wife contracted this disease, or that there was a hog-wallow with water in it there then, and that the water from this wallow seeped into the reservoir. See Green v. Ashland Water Co., 101 Wis. 258 (77 N. W. 722, 43 L. R. A. 117, 70 Am. St. R. 911); Gosser v. Ohio Valley Water Co., 244 Penn. 59 (90 Atl. 540, Ann. Cas. 1915C, 685); Stubbs v. Rochester, 163 App. Div. 245 (148 N. Y. Supp. 804).

After a careful study and consideration of the evidence in this case, we are forced to the conclusion that a verdict in favor of the plaintiff is unauthorized, and the trial judge erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*